Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50017 | **DATE** | 10/1/2001 |
| **CASE TITLE** | Ellman vs. Woodstock #200 School District | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant is awarded $925.00 in attorneys' fees. This is in addition to the $254.70 plaintiff was previously ordered to pay in non-taxable costs as expenses.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT - 2 2001 date docketed | |
| X | Docketing to mail notices. | | | 148 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | OCT - 2 2001 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

On August 22, 2001, the court granted defendant's motion for attorneys' fees and costs in part, finding defendant was a prevailing defendant, see Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978); Munson v. Milwaukee Bd. of Sch. Dir., 969 F.2d 266, 269 (7th Cir. 1992), with respect to two of plaintiff's claims. The court found plaintiff's frivolous claims were based on two complaints she had previously litigated: defendant's failure to pay her overtime, and an allegedly discriminatory 1994-95 performance review. In response to the court's Order, defendant submitted a revised petition for attorneys' fees, requesting a total of $6,841.58. Defendant divided the fees into two categories: (1) $925 in fees specifically described in its attorneys' bills as dealing with the claims found to be frivolous; and, (2) $5,916.58 in fees which are a percentage of the total fees generated in preparing its motion for summary judgment.

A prevailing plaintiff who has been successful with some claims but not all may recover attorneys' fees related to the successful claims. Hensley v. Eckerhart, 461 U.S. 424, 433-35 (1983); see also Farrar v. Hobby, 506 U.S. 103 (1992). This rule applies with equal force to prevailing defendants. See Hensley, 461 U.S. at 435 n.10. The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate. Id. at 437. Although an attorney is not required to record in great detail how each minute of his time was expended, the records must provide a proper basis for determining how much time was spent on particular claims. Id. at 437 n.12.

The billing records attached to defendant's supplemental response show the requested $925 in fees are directly related to plaintiff's overtime and/or 1994-95 performance evaluation claims. The entries, for example, refer to payroll documents, payroll records or special education conferences (which relate to plaintiff's overtime claim because she was complaining she had to attend such conferences without being paid overtime). Thus, defendant has satisfied its burden with respect to these fees.

However, defendant has not satisfied its burden with respect to the more general fees relating to its motion for summary judgment. Although defendant has attempted to prorate the fees in a fair and equitable manner, the overtime and performance evaluation claims were part of plaintiff's overall discrimination and/or retaliation claims. See Hensley, 461 U.S. at 435. Defendant would have filed its summary judgment motion regardless of these claims, and it is difficult to determine what portion of its time and efforts were directed solely to the frivolous claims. See id. The majority of the work relating to the frivolous claims would have been of a factual nature (which is reflected in Denise McCracken's entries totaling $925), rather than of a legal nature, such as that involved in drafting defendant's motion for summary judgment. The court did not declare the majority of plaintiff's claims to be frivolous (although they were borderline), and the amount of $925 accurately and proportionately accounts for that portion of the litigation which was frivolous, unreasonable and without foundation. See Farrar, 506 U.S. at 114-15.

Plaintiff has not contested the number of hours spent or the hourly rate, and the court finds both to be reasonable. Thus, defendant is awarded $925 in attorneys' fees.